**ORDERED.**

Dated: January 14, 2026

_Grace E. Robson_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | |
| Dylan Taylor Damore, ) | Case No. 6:25-bk-07637-GER |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |

**ORDER (1) TREATING OPPOSITION TO MOTION
TO REINSTATE AS A MOTION TO DISMISS FOR BAD
FAITH AND (2) GRANTING MOTION TO APPEAR VIA ZOOM**

THIS CASE came before the Court for entry of an appropriate order. An *Order Dismissing Case* (Doc. No. 15) was entered in this case on December 17, 2025. On December 26, 2025, Debtor Dylan Taylor Damore ("Debtor") filed *Debtor's Timely Motion to Vacate Order of Dismissal and to Reinstate Chapter 13 Case* (the "Motion to Reinstate") (Doc. No. 19); thereafter, Creditor Good Neighbor Industries, Inc. ("Good Neighbor") filed the Opposition (Doc. No. 21)[1] thereto. A hearing on the Motion to Reinstate has been scheduled for February 4, 2026, and counsel for Good Neighbor has filed a Motion to Appear via Zoom (Doc. No. 25).[2]

---

[1] *Opposition to Debtor's Motion to Vacate Order of Dismissal and to Reinstate Chapter 13 Case* (the "Opposition").
[2] *Motion for Leave to Appear via Zoom at February 4, 2026 Hearing* (the "Motion to Appear via Zoom").

The Opposition argues that the case was filed in bad faith. Therefore, even if the Court reinstated the case based on Debtor's "cure" of the deficiencies leading to the dismissal, the case may be subject to dismissal if found to be filed in bad faith. Therefore, having reviewed the Motion to Reinstate, the Opposition, the Motion to Appear via Zoom, and the record, including Good Neighbor's *Motion for Relief from Stay* (Doc. No. 14), the Court finds it appropriate to treat the Opposition as a motion to dismiss for bad faith. Because the February 4, 2026 hearing will be preliminary and the Court anticipates only setting a further hearing on the matter, counsel for Good Neighbor may appear via Zoom.[3] Accordingly, it is

**ORDERED**:

1. The Opposition (Doc. No. 21) shall be treated as a motion to dismiss for bad faith.

2. The Motion to Appear via Zoom (Doc. No. 25) is **GRANTED** as set forth herein.

3. Counsel for Good Neighbor may appear via Zoom at the February 4, 2026 hearing, and shall register one business day before the scheduled hearing by going to:

https://www.zoomgov.com/meeting/register/vJItdeuhrjMtG-t7cOQp3Y8nXhELTBk6IzY#/registration

# # #

Attorney Raye Curry Elliott is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

[3] Attorneys and pro se parties may appear via Zoom if "the matter is preliminary, and the parties will be requesting that the Court schedule a future hearing date or trial date." *See Judge Robson's Hearing Procedures*, https://www.flmb.uscourts.gov/orlando/robson/Judge_Robson_Hearing_Procedures.pdf?id=1. The Court notes that location of counsel alone is not an appropriate reason to request a remote appearance, and any future motion stating this as the sole basis for the request may result in the Court denying the motion without further explanation.